IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| CARLOS PERDUE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:14-cv-2143-MHH-TMP |
| NIECKO WHITE, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

On May 4, 2015, the magistrate judge filed a report in which he recommended that the Court dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted. (Doc. 7). The magistrate judge advised Mr. Perdue of his right to file specific written objections to the report and recommendation within fourteen days and granted Mr. Perdue's request for an extension of time in which to file objections. (Doc. 7, pp. 11-12; Doc. 9). Mr. Perdue has not responded to the report and recommendation.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). When a party makes timely objections to a report and recommendation, the district court

"make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

When no party objects, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315 (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made [to the magistrate judge's report], the district court judge reviews those unobjected portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989) (noting that the "clearly erroneous" standard is appropriate where there has been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v. Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has been appointed to conduct an evidentiary hearing, the district court reviews the Report and Recommendation under the same clearly erroneous standard.") (citing *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* The Eleventh Circuit does not appear to have expressly held that a district court should review a report and recommendation for plain error in the absence of

objections; however, other courts in this Circuit have adopted such a position. *Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require *de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, applying a clearly erroneous standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003) ("[W]hen no timely and specific objections are filed, case law indicates that the court should review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*, 2013 WL 1346615, at *1 (N.D. Ala. Mar. 29, 2013) (portions of a report and recommendation "to which no objection is filed are reviewed only for clear error").

The Court has reviewed the entire record, including the report and recommendation. The Court does not find that the magistrate judge erred in his report. Therefore, the Court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. In accordance with 28 U.S.C. § 1915A(b)(1), the Court will dismiss this action without prejudice for failing to state a claim upon which relief can be granted. The Court will enter a separate order consistent with this memorandum opinion.

DONE and ENTERED this 6th day of July, 2015.

_____
MADELINE HUGHES HAIKALA

U.S. DISTRICT JUDGE